ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email:  robert@nv-lawfirm.com
ROBERT E. OPDYKE, ESQ., Bar No. 12841
**ATKINSON LAW ASSOCIATES LTD.**
8965 S Eastern Ave, Suite 260
Las Vegas, NV 89123
Telephone:  (702) 614-0600
Facsimile:  (702) 614-0647
*Attorney for Brian D. Shapiro, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>JERRY W. SLUSSER,<br><br>Debtor. | Case No. 14-16815-abl<br>Chapter 7<br><br>**NOTICE OF SUBPOENA** |

To:  ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that Trustee BRIAN D. SHAPIRO, by and through counsel, intends to serve a subpoena, in the form attached hereto as **EXHIBIT A**, on KATHERINE J. SLUSSER.

DATED: December 29, 2014                    **ATKINSON LAW ASSOCIATES LTD.**

                                      By:      /s/ Robert E. Atkinson
                                           ROBERT E. ATKINSON, ESQ.
                                           Nevada Bar No. 9958
                                           *Attorney for Brian D. Shapiro, Trustee*

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

District of Nevada

In re JERRY W. SLUSSER   Case No. 14-16815-abl
Debtor

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **KATHERINE J. SLUSSER**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE<br>ATKINSON LAW ASSOCIATES LTD.<br>8965 S EASTERN AVE, STE 260<br>LAS VEGAS, NV 89123 | DATE AND TIME<br>January 16, 2015<br>10:00 A.M. |
|---|---|

The examination will be recorded by this method: Stenographically

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**\*\*\* See EXHIBIT 1 attached hereto \*\*\***

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/29/14

CLERK OF COURT

_____    OR    _____
Signature of Clerk or Deputy Clerk         Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Brian D. Shapiro, Chapter 7 Trustee, who issues or requests this subpoena, are:
Robert Atkinson Esq., Atkinson Law Associates Ltd., 8965 S Eastern Ave Ste 260, Las Vegas NV 89123;
Email: robert@nv-lawfirm.com; Phone: 702-614-0600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Mary A. Schott
Clerk of Court

Entered on Docket
December 09, 2014

ROBERT E. ATKINSON, ESQ., Bar No. 9958
Email: robert@nv-lawfirm.com
ROBERT E. OPDYKE, ESQ., Bar No. 12841
**ATKINSON LAW ASSOCIATES LTD.**
8965 S Eastern Ave, Suite 260
Las Vegas, NV 89123
Telephone: (702) 614-0600
Facsimile: (702) 614-0647
*Attorney for Brian D. Shapiro, Trustee*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>JERRY W. SLUSSER,<br><br>Debtor. | Case No. 14-16815-abl<br>Chapter 7<br><br>**ORDER GRANTING EX PARTE MOTION FOR 2004 EXAM ON KATHERINE J. SLUSSER** |

Upon the Ex Parte Motion for 2004 Exam on KATHERINE J. SLUSSER ("*2004 Motion*") filed by Trustee BRIAN D. SHAPIRO and good cause appearing therefore;

**IT IS HEREBY ORDERED** that the 2004 Motion is GRANTED, and KATHERINE J. SLUSSER shall appear for an examination on matters within the scope of Bankruptcy Rule 2004(b), with such examination being more than fourteen (14) days after the date the 2004 Motion was filed.

SUBMITTED BY:

    /s/ Robert E. Atkinson
ROBERT E. ATKINSON, ESQ.
Nevada Bar No. 9958

-1-

## EXHIBIT 1 to SUBPOENA

Note:  All documents listed herein are to be produced as complete copies (example: all pages of a bank statement, not just the first page), even if a later page contains what the respondent believes to be irrelevant information

## DOCUMENTS TO BE PRODUCED:

1. Copies of all bank statements, and all statements from any other financial accounts (including, but not limited to, checking, savings, brokerage, and retirement accounts), **held in your name (either solely or jointly)**, for the time period of January 1, 2012 through the present. Include open and closed accounts.

2. Copies of all bank statements, and all statements from any other financial accounts (including, but not limited to, checking, savings, brokerage, and retirement accounts), **not produced in #1 above, but for which you are or were an authorized signatory (including but not limited to all trusts and businesses)**, for the time period of January 1, 2011 through the present. Include open and closed accounts.

3. Copies of any offshore/non-U.S. financial accounts either held in your name, controlled by you, or on which you are or were a signatory or beneficiary, from January 1, 2010 onward.

4. List of all non-US assets held in your name (or controlled by you or any entity which you control), at any point from January 1, 2010 onward. If not currently held by you, then produce the disposition document (bill of sale, etc.).

5. Copies of your complete personal Federal tax returns (as filed with the IRS) for the tax years 2010, 2011, 2012, and 2013, including all schedules and forms, and any amendments thereto.

6. Copy of any consulting agreements, employment contracts, or other contracts between you and VC Energy Corp, Amereco LLC, Vitesse Charter Management, Inc., or any entity related to or affiliated with those entities, which was an active contract at any time from January 1, 2012 onward.

7. Copy of any trust instrument for which you are or were a beneficiary, grantor, settlor, or trustee at any time since January 1, 2010 onward.

8. Copy of your pilot's license.

9. List of all companies for which, at any time since January 1, 2010 onward, you have been an officer, director, manager, stockholder, owner, member, or employee.

/// END OF DOCUMENT PRODUCTION REQUEST